**Philip Craig SHAFFER,
Plaintiff-Appellant,**

v.

**Max WILLIAMS, U.S. Companies, Inc.,
et al., Defendants-Appellees.**

No. 85–1582.

United States Court of Appeals,
Fifth Circuit.

July 21, 1986.

Anthony A. Petrocchi, Weil & Renneker, Christopher M. Weil, Dallas, Tex., for plaintiff-appellant.

Jim L. Flegle, G. Cresswell Templeton, III, Bracewell & Patterson, Houston, Tex., Lana Beth Overstreet, Charles G. Bell, Dallas, Tex., for defendants-appellees.

Before CLARK, Chief Judge, JOLLY and HILL, Circuit Judges.

## ON PETITION FOR REHEARING

CLARK, Chief Judge:

Philip Craig Shaffer, the plaintiff in this RICO action,[1] appeals from the district court's entry of summary judgment against him. Finding that the district court correctly determined that there was no genuine issue of fact as to the existence of a RICO enterprise, we affirm.

### I

Originally following oral argument, this case was affirmed pursuant to 5th Cir.R. 47.6. The pertinent part of that rule permitted affirmance of a district court's judgment only when that judgment was based on findings of fact that were not clearly erroneous. Counsel for appellant properly pointed out that an entry of summary judgment is not reviewed under the clearly erroneous standard, and that 47.6 disposition of this case was not authorized by the rule as it stood at the time this court issued its order.[2] Our 47.6 disposition is withdrawn, and this opinion corrects our procedural error and expressly analyzes the decision under Fed.R.Civ.P. 56 standards.

### II

Shaffer filed this RICO action against Max Williams and over thirty named corporate entities, alleging that they participated in the affairs of an enterprise through a pattern of racketeering activity. Shaffer asserted that he had sold insurance to the "Williams organization," a vaguely defined association of some or all of the defendants, as well as other entities owned by or in some way related to Max Williams, U.S. Companies, Inc., or Curtis Leggett. He also claimed that the "Williams organization" had made misrepresentations to secure lower insurance premiums and to defraud investors.

Appellees filed a motion for summary judgment which the district court denied for lack of supporting affidavits. Appellees then filed a motion to reconsider based upon the affidavit of David R. Latchford. Appellant submitted his own affidavit in opposition.

The district court found that there was no genuine issue of fact with respect to the existence of a RICO enterprise as alleged by Shaffer, and granted appellees' motion for summary judgment, dismissing the RICO claim with prejudice and the pendent state claims without prejudice. Latchford's affidavit stated that he had personal knowledge of the business and activities of a number of the named defendants, including Max Williams, U.S. Companies, Inc., U.S. Resources, Inc., U.S. Operating, Inc., and U.S. Fuels, Inc. It further stated that he had no knowledge of the existence of eleven of the defendants. The affidavit also stated that the known entities in the

1. Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–1968.

2. The rule has since been amended to read: When the Court determines that any one or more of the following circumstances exists and is dispositive of a matter submitted to the Court for decision: (1) that a judgment of the District Court is based on findings of fact which are not clearly erroneous, (2) that the evidence in support of a jury verdict is not insufficient, (3) that the order of an adminis-

trative agency is supported by substantial evidence on the record as a whole, or (4) *in the case of a summary judgment, that no genuine issue of material fact has been properly raised by the appellant,* and the Court also determines that no error of law appears and an opinion would have no precedential value, the judgment or order may be affirmed or enforced without opinion.
5th Cir.R. 47.6 (as amended June 17, 1986) (new material underscored).

alleged enterprise do not constitute an ongoing organization, do not have a structure for group decision-making, do not function as a continuing unit, and do not have an organizational pattern or system of authority beyond that necessary to carry on the daily affairs of each of the entities. The district court concluded that these facts were sufficient to negate the existence of a RICO enterprise.

The only part of Shaffer's affidavit which related to whether as ongoing RICO organization existed was the following:

> While Williams owned all of the stock in U.S. Companies, Inc., at varying relevant periods, he did not own all of the stock of U.S. Resources, Inc., Macar Mining Corporation, and U.S. Coal Company, Inc., U.S. Fuels, Inc., Sentinel Drilling and Operating Co. Inc., Trojan Drilling and Operating Co. Inc., U.S. Processing, Inc., Hammond-Williams (Ltd.), Margoil, Inc., Leggett Oil, Inc., and various profit sharing plans, each of which is or was a separate entity in which statutory, regulatory, creditor and financial distinctions are apparent and in fact were followed. Each of the entities had the common purpose of benefiting from the oil and gas leases which investment had been arranged and each of which entities have existed prior to the relevant period and exist today. Each of these companies performed a different service or sold a different product, all facilitated by and generally involved derivatively from the oil and gas interests sold to investors, drilled by, maintained and operated by, supplied by, purchased from by, insured and administered by separate and distinct entities in the Williams organization; and personnel of U.S. Companies, Inc. serving as personnel of U.S. Resources and U.S. Operating effectively caused contractual relations with Trojan Drilling and Operating Company, Inc., U.S. Processing Partnership (Ltd.), U.S. Processing, Inc., and U.S. Fuels Partnership, Ltd., the identifiable structure being the executive personnel and staff of U.S. Companies, Inc., U.S. Operating, Inc., and U.S. Resources, Inc.

Like the rest of Shaffer's affidavit, this paragraph is marked by long and ungrammatical sentences. The problem, however, goes well beyond one of "linguistic decency" (to use the district court's expression). The allegations in Shaffer's affidavit have an abstract quality that comes suspiciously close to legalistic double-talk. The district court properly concluded that Shaffer's affidavit, read in the light most favorable to appellant, failed to establish a fact issue as to the existence of a RICO enterprise.

Appellant subsequently filed a motion for a new trial and relief from the judgment based on the fact that he had been hospitalized for ten days before and twenty days after the entry of summary judgment and thus was unable to submit additional affidavits in opposition to summary judgment. The district court denied the motion.

### III

A RICO enterprise must have an ongoing organization, with associates functioning as a continuing unit. *United States v. Phillips*, 664 F.2d 971, 1012 (5th Cir.1981), *cert. denied*, 457 U.S. 1136, 102 S.Ct. 2965, 73 L.Ed.2d 1354 (1982) (citing *United States v. Turkette*, 452 U.S. 576, 583, 101 S.Ct. 2524, 2528, 69 L.Ed.2d 246 (1981)). An "ongoing organization" is shown by the existence of a decision making structure, whether hierarchical or consensual. *United States v. Riccobene*, 709 F.2d 214, 222 (3d Cir.), *cert. denied*, 464 U.S. 849, 104 S.Ct. 157, 78 L.Ed.2d 145 (1983). The RICO enterprise must have a common or shared purpose and continuity of structure and personnel. *United States v. Lemm*, 680 F.2d 1193, 1198 (8th Cir. 1982), *cert. denied*, 459 U.S. 1110, 103 S.Ct. 739, 74 L.Ed.2d 960 (1983).

In reviewing the district court's decision to grant summary judgment, we apply the same standards as the district court applied. *United States Steel Corp. v. Darby*, 516 F.2d 961, 963 (5th Cir.1975). Appellant argues that summary judgment was improper in this case for two reasons. First, he claims that Latchford's affidavit fails to

negate the existence of a RICO enterprise. Second, he maintains that his own affidavit establishes a fact issue as to the existence of such an enterprise.

■ Appellant contends that Latchford's affidavit contains only ultimate and conclusory facts which are insufficient to support a summary judgment. *See Galindo v. Precision American Corp.*, 754 F.2d 1212, 1216 (5th Cir.1985). While it is true that many of the statements in Latchford's affidavits are conclusory in nature, under the allegations of the pleadings in this case the district court properly relied on the affidavit as negating the existence of a RICO enterprise. The statements made by Latchford were of an obvious nature, e.g., that there was no organizational structure linking the defendants. *See Gossett v. Du-Ra-Kel Corp.*, 569 F.2d 869, 872 (5th Cir. 1978) (where conclusory statements were of an obvious nature and not challenged by the opposing party, they could be considered by the district court for summary judgment purposes). Shaffer did not object to the form of Latchford's affidavit. *See* 10A C. Wright and A. Miller, *Federal Practice and Procedure*, § 2738 (1983). In addition, Latchford stated that he had personal knowledge of the affairs of some of the named defendants but had no knowledge of the existence of eleven of the named defendants. This nonconclusory statement negates the general allegations leveled as to the existence of a RICO organization linking the named defendants.

■ Shaffer's affidavit, on the other hand, failed to create a material fact issue as to the existence of a RICO enterprise. At most, it stated that some of the defendants are engaged in an aspect of the petroleum industry, and that there were some unspecified contractual relations among several of the defendants. The affidavit states that "the identifiable structure" is the executive personnel and staff of U.S. Companies, Inc., U.S. Operating, Inc., and U.S. Resources, Inc., but it does not state what this structure controlled or how it operated. Indeed, this statement is so abstract as to be practically meaningless.

Nowhere in Shaffer's affidavit does he allege facts showing an ongoing organization for a common purpose or any kind of structure linking the named defendants. Since Shaffer's affidavit failed to raise a fact issue as to the existence of an enterprise, summary judgment was proper.

This circuit has not been liberal in affirming summary judgments. Nevertheless, conclusory allegations supported by a conclusory affidavit will not suffice to require a trial. This is true even where the movant who seeks summary judgment cannot demonstrate contrary facts by specific affidavit recitation. *Fontenot v. Upjohn Company*, 780 F.2d 1190, 1196 (5th Cir. 1986). The correct appellate test is to determine from all that was before the district court whether any evidence exists that would create a genuine issue as to a material fact. When none is apparent, the motion should be granted.

## IV

The district court did not abuse its discretion in denying Shaffer's motion for a new trial and relief from judgment. For the reasons already given, the district court did not err in relying on Latchford's affidavit to support summary judgment; therefore this reliance did not entitle Shaffer to a new trial under Fed.R.Civ.P. 59.

■ Shaffer claims that his illness and hospitalization at the time the summary judgment was rendered constitutes "extraordinary circumstances" entitling him to relief from the judgment under Fed.R. Civ.P. 60(b)(6). He argues that his attorney was unable to secure additional affidavits because he did not know of his client's whereabouts. Shaffer contends that the failure to procure additional affidavits constituted "excusable neglect" under Fed.R. Civ.P. 60(b)(1).

No evidence was presented to the district court which would indicate that Shaffer was so ill he could not communicate with his attorney. Furthermore, no explanation was given for why Shaffer's attorney failed to inform the court of his client's

absence. Finally, Shaffer has not indicated what additional facts he could have sworn to in another affidavit. We find no abuse of discretion in the district court's denial of relief under Rule 60.

V

The judgment of the district court is AFFIRMED.