### In re BILSTAT, INC.

### William West, Trustee, Plaintiff,

### v.

### Family Express Corporation, Defendant.

### Bankruptcy No. 02–30755–H2–11. Adversary No. 03–4250.

United States Bankruptcy Court, S.D. Texas, Houston Division.

July 29, 2004.

John Vincent Burger, Burger Law Firm, Houston, TX, for Debtor.

David Ronald, Jonesblake E. Rizzo, Munsch Hardt et al., Houston, TX, for Plaintiff.

Hugh Massey Ray, III, Weycer, Kaplan, Pulaski and Zuber PC, Houston, TX, for Defendant.

## MEMORANDUM OPINION IN SUPPORT OF ORDER GRANTING MOTION FOR SUMMARY JUDGMENT (doc # 5)

WESLEY W. STEEN, Bankruptcy Judge.

William West ("Trustee"), trustee of a Chapter 11 liquidating trust brought this adversary proceeding after plan confirmation to avoid an alleged preferential transfer. Defendant: Family Express, Inc. ("Defendant") filed an answer and motion for summary judgment (docket # 5).[1] For the reasons set forth below and by separate order issued on this date, Defendant's motion for summary judgment (docket # 5) is granted. The Court concludes that the Trustee is judicially estopped from bringing an avoidance action that was not disclosed during the bankruptcy case despite an affirmative duty of the debtor to do so and despite actual litigation between the parties.

1. Decision of the motion for summary judgment was delayed because of a transfer of this

## JURISDICTION

This is an adversary proceeding, a civil proceeding, arising in a case under title 11 and arising under title 11 of the United States Code. The United States District Court has jurisdiction under 28 U.S.C. § 1334(b) and (e). By Order dated August 9, 1984, superceded by General Order 2002–2 on March 11, 2002, under authority granted by 28 U.S.C. § 157(a), the United States District Court for the Southern District of Texas referred all such proceedings to the bankruptcy judges for the district. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(F). The bankruptcy judge may hear and may determine core proceedings, 28 U.S.C. 157(b)(1). No party has objected to the exercise of core jurisdiction by the undersigned bankruptcy judge.

## STANDARDS FOR SUMMARY JUDGMENT

Summary judgment is warranted if a party establishes that there is no genuine dispute about any material fact and the law entitles it to judgment. Fed.R.Civ.P. 56(c). Rule 56(c) mandates "the entry of summary judgment, after adequate time for discovery and upon motion, against any party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Fed.R. Civ. P. 56(c) is incorporated into the Federal Rules of Bankruptcy Procedure by Rule 7056.

All justifiable inferences will be drawn in the nonmovant's favor, *see Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106

case from another judge of this district to the undersigned judge.

S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986), but conclusory affidavits will not suffice to create or negate a genuine issue of fact. *See Reese v. Anderson,* 926 F.2d 494, 498 (5th Cir.1991); *Shaffer v. Williams,* 794 F.2d 1030, 1033 (5th Cir.1986). Unless there is sufficient evidence to return a verdict in the nonmovant's favor, there is no genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.,* 106 S.Ct. at 2511. Admissibility of evidence on a motion for summary judgment is subject to the standards and rules that govern evidence at trial. *See Rushing v. Kansas City Southern Railway Co.,* 185 F.3d 496 (5th Cir. 1999), *cert. denied,* 528 U.S. 1160, 120 S.Ct. 1171, 145 L.Ed.2d 1080 (2000).

Rule 56 of the Federal Rules of Civil Procedure provides:

(c) ... The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

(e) ... When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for the trial.

## FACTS

The undisputed facts are as follows:

1. In September 2000, Defendant and Bilstat, Inc. entered into a processing agreement whereby Bilstat, Inc. was to process credit cards, to collect receivables, and to remit the collected funds to Defendant.

2. On January 28, 2002, Bilstat, Inc. (the "Debtor") filed its voluntary Chapter 11 petition. Several related entities subsequently filed voluntary petitions on May 31, 2002, and the cases were jointly administered under Case No. 02–30755–H2–11 (the "Debtors").

3. The Debtor filed its amended schedules on March 7, 2002 (docket # 15). In those schedules, Debtor listed Defendant as an unsecured nonpriority creditor holding a $125,000 claim.[2] Debtor's schedules indicated that Defendant's claim was not contingent, unliquidated or disputed.

4. Schedule B indicated that Debtor had a claim against Defendant in the amount of $12,000 and that the Debtor had a right to set off that claim against any claim owed by Defendant.[3]

5. The Debtor's Amended Statement of Financial Affairs (docket # 16) indicated that the Debtor had made no payments to Defendant during the 90 days immediately preceding the commencement of the bankruptcy case.

6. On May 31, 2002, Defendant filed its Proof of Claim asserting a $172,166.16 secured claim against the Debtor.

7. On August 27, 2002, Defendant filed a motion for relief from stay to allow for setoff of amounts owed by De-

---

2. The Debtor listed Defendant twice in Schedule F. One entry lists a $125,000 unsecured claim. The second entry says "Notice Only" in the "Amount of Claim" box.

3. Schedule B indicates that the set-off claim is against Defendant's $175,000 claim against Debtor ($50,000 more than the amount stated in Schedule F).

fendant to the Debtor (docket # 156) and an agreed order was entered allowing for setoff on September 23, 2002 (docket # 168).

8. On November 14, 2002, the Court approved the Debtors' Amended Disclosure Statement (docket # 202) (the "Disclosure Statement"). Article X of the Debtors' Disclosure Statement stated that a Plan Trustee would pursue all preference actions. The disclosure statement reflects only one transaction giving rise to a preference claim (a transfer to the Debtor's former President, Edward Abou–Fadel). The disclosure statement did not disclose any potential preference claims against Defendant.[4]

9. On December 31, 2002, Defendant filed a Limited Objection to Plan (docket # 215). The Debtor then filed an objection to Defendant's claim on February 6, 2003 (docket # 218).[5] On June 3, 2003, the Court entered an order confirming the Debtors' first amended and modified Chapter 11 plan (docket # 245) which provided for Defendant as a holder of an allowed general unsecured claim.

10. On June 24, 2003, the Court entered an order appointing a trustee (the "Trustee") pursuant to the Bilstat Distribution Trust Agreement, which gave the Trustee sole authority to prosecute all claims and causes of action on behalf of the Debtors.

11. On December 30, 2003, the Trustee filed the complaint initiating this adversary proceeding seeking recovery from Defendant of $56,884.05 in preferential transfers under Bankruptcy Code § 547.

12. On January 29, 2004, Defendant filed its original answer and motion for summary judgment (docket

4. The Disclosure Statement did, however, include a section captioned "IMPORTANT NOTICE OF NON–WAIVER OF CLAIMS" which reads:

The Debtors have attempted to disclose all material causes of action, including avoidance and other actions under Chapter 5 of the Bankruptcy Code, that it may hold against third parties. However, the Debtors have not performed an exhaustive investigation or analysis of potential claims against third parties. It is the contemplation of the Plan that such investigation and analysis will occur post-confirmation by the Plan Trustee. The Debtors may hold other potential claims and causes of actions against third parties which the Debtors have not disclosed herein. You should not rely on the omission of the disclosure of a claim to assume that the Debtors hold no claim against any third party, including any creditor that may be reading this Disclosure Statement and/or casting a ballot. Unless expressly released by the Plan, any and all such claims against third parties are specifically reserved and transferred to the Trust. The Debtors' failure to identify a claim herein is specifically not a waiver of any claim or cause of action. The Debtors will not ask the Court to rule or make findings with respect to the existence of any cause of action or the value of the entirety of the Debtors' estate at the confirmation hearing; accordingly, except claims which are expressly released by the Plan, the Debtors' failure to identify a claim herein shall not give rise to any defense of judicial estoppel with respect to claims which could be asserted against third parties, including creditors of the Debtors which may be reading this Disclosure Statement and/or casting a ballot. When casting your ballot, you should consider and take into account the possibility that the Debtors may hold a claim against you which will be transferred to the Trust and, if the Plan Trustee deems advisable, fully pursued post-confirmation.

5. From the docket, Debtors' objection to Defendant's claim (docket # 218) does not appear to have been separately adjudicated.

# 5) ("Answer/Motion for Summary Judgment").

## LEGAL ANALYSIS

Defendant argues in its Answer/Motion for Summary Judgment that the Trustee's § 547 preference claim was either waived or barred by *res judicata*, judicial estoppel and equitable estoppel[6] because the claim was not previously raised or disclosed: (1) in the Debtors' schedules and statement of financial affairs; (2) in pleadings related to Debtors' objection to Defendant's claim (docket # 218); or (3) in the Debtors' Amended Disclosure Statement (docket # 202).[7]

The Trustee, in its response, argues that summary judgment should not be granted based on the alleged lack of sufficient disclosure because Defendant: (1) actively participated in the bankruptcy case; (2) filed a proof of claim; (3) had notice that an independent trustee would analyze and pursue chapter 5 claims; and (4) had ample opportunity to make an inquiry regarding litigation. In addition, the Trustee argues that Defendant has not provided summary judgment evidence that the Debtors were aware of the payments made to Defendant during the preference period.

### Judicial Estoppel

Judicial estoppel is "a common law doctrine by which a party who has assumed one position in his pleadings may be estopped from assuming an inconsistent position." *In re Coastal Plains, Inc.*, 179 F.3d 197, 205 (5th Cir.1999). The doctrine's purpose is "to protect the integrity of the judicial process", by "prevent[ing] parties from playing fast and loose with the courts to suit the exigencies of self interest." *Id.* "Because the doctrine is intended to protect the judicial system, *rather than the litigants*, detrimental reliance by the opponent of the party against whom the doctrine is applied is not necessary." *Id.*

In the bankruptcy context, the debtor or its successor-in-interest (in this case, the Trustee) is precluded by judicial estoppel from bringing a suit against a creditor of the estate if: (1) the party asserting the claim is taking a position clearly inconsistent with a position taken in a previous proceeding; (2) the court accepted the previous position; and (3) the non-disclosure was not inadvertent. With respect to the "inadvertence" prong in bankruptcy cases, the Debtor's express, affirmative duty to disclosure all assets, *including contingent and unliquidated claims and/or causes of action,* is a continuing one and cannot be overemphasized. *See id.* at 207–08. "...[T]he debtor's failure to satisfy its statutory disclosure duty is 'inadvertent' only when, in general, the debtor either lacks knowledge of the undisclosed claims *or* has no motive for their concealment." *Id.*

In this case, the first two prongs are clearly met. First, the preference claim asserted by the Trustee is inconsistent with the prior filings and proceedings related to Defendant's claim against the estate. Specifically, as stated above, the

---

6. The Court notes that the "Motion for Summary Judgment" portion of Defendant's Answer/Motion for Summary Judgment only specifically asserts "waiver" as a basis for summary judgment. However, within the pleading, Defendant asserts and briefs the defenses of *res judicata*, judicial estoppel and equitable estoppel. Given the similar elements of these defenses, the Court proceeds as though summary judgment was sought with respect to each of them.

7. Defendant's summary judgment evidence consisted of the Debtor's Disclosure Statement (docket # 178), Statement of Financial Affairs (docket ## 140–143, 8) and Defendant's proof of claim and attached affidavit.

Debtor failed to disclose and/or assert the preference claim in its schedules and statement of financial affairs, during the motion for relief from stay proceeding, during the objection to claim proceeding, in the disclosure statement/Chapter 11 plan and during the confirmation proceeding. The Debtors' omission was tantamount to representing that the claim did not exist and, therefore, inconsistent with the position taken by the Trustee in this adversary proceeding. *See Superior Crewboats, Inc. v. Primary P & I Underwriters,* 374 F.3d 330 (5th Cir.2004). The Court accepted the Debtor's position when it approved the Debtor's Chapter 11 plan which was confirmed only on votes based on the disclosure statement.

■ As set out in full in the footnote above, the debtor's disclosure statement includes a statement to the effect that the debtor has not fully investigated all potential causes of action and that it does not waive and will not be judicially estopped by having failed to disclose a cause of action in the disclosure statement. The Court finds this disclaimer ineffective for several reasons. First, the Court did not approve the waiver of judicial estoppel. The Court merely determined that the disclosure was sufficient to allow creditors to vote on the plan. The Court's order does not state that the waiver of judicial estoppel is approved; it provides only that the disclosure statement provides sufficient information to allow creditors to vote on the plan, and then the order sets applicable deadlines for voting and a date for a confirmation hearing.[8] Second, there is no indication that the judge who approved the disclosure statement was aware of that specific provision, or ruled on it. Third,

the Court knows of no authority that allows a party, merely by proclamation, to exclude itself from the application of judicial estoppel. To the contrary, since judicial estoppel is a doctrine for the protection of the integrity of the judicial process, the Court cannot imagine a rule that lets a party determine, for itself, by proclamation, whether or not judicial estoppel applies.

The third prong is more difficult. In his response, the Trustee asserts that the Defendant has not provided summary judgment evidence showing that the Debtor was aware of the alleged payments made to the Defendant during the preference period. (Trustee's Response to Motion for Summary Judgment p. 6) In addition, the Trustee directs the Court's attention to the following sentence in the Disclosure Statement: "the Debtors had not performed and exhaustive investigation or analysis of potential claims against third parties." (*Id.*)

The Trustee's point is taken. The third requirement of judicial estoppel is that the nondisclosure was not inadvertent. Inadvertent failure to disclose is generally only found when the Debtor either lacks knowledge of the claim or has no motive for concealment. *See Coastal Plains* at 205. The Court sees no summary judgment evidence specifically showing that the Debtor was *aware* of the potential preference claim against Defendant. However, by emphasis on the substantial affirmative disclosure duties of a debtor-in-possession, the 5th Circuit in *Coastal Plains* and *Superior Crewboats* indicates that judicial estoppel is also applicable when a party is guilty of unreasonable disregard of its express, affirmative disclosure duties.

---

**8.** The disclosure statement was not approved by the undersigned judge. The bankruptcy case was transferred to the undersigned judge after confirmation of the chapter 11 plan.

Conclusions concerning the extent of the court's approval of the disclosure statement are made after review of the order, docket # 202.

In *Coastal*, the 5th Circuit cites with approval *Okan's Foods, Inc. v. Windsor Associates, Ltd. Partnership (In re Okan's Foods Inc.)*, 217 B.R. 739 (Bankr.E.D.Pa. 1998). The specific language quoted in *Coastal* is

> [T]he "bad faith" element mandated by *Ryan* was satisfied by [s]tatements or conduct of the debtor evincing a reckless disregard for the truth. [*Coastal* at 212]

In the case at bar, the Debtor's financial records should have shown what payments were made to what creditors in the preference period, 90 days prior to the bankruptcy filing. Those payments must be listed in the Debtor's statement of financial affairs. They were not. The Debtor had the information at hand, it simply failed to look it over to include the information in its schedules or in its disclosure statement. The *Coastal* analysis and logic undoubtedly would determine that this failure is the kind of gross omission and reckless disregard that satisfies the "bad faith element" necessary to find judicial estoppel.

█ This case goes beyond "failure to disclose." The Debtor made affirmative representations (especially failure to disclose payments to the Defendant in the 90 days preceding bankruptcy) in the bankruptcy schedules and statement of financial affairs. The preference claims are contrary to those representations. In addition, the Debtor failed to disclose the alleged facts in prior litigation (contested matters) with this specific Defendant. The Court believes that *Coastal Plains* and *Superior Crewboats* stand for the proposition that failure to disclose is not inadvertent when the party has a duty to disclose and does not fulfill that duty. A failure to disclose information (leaving a "blank") in a bankruptcy schedule or statement of financial affairs is an affirmative statement that there is no information reasonably available to the Debtor that is responsive to that question. An incorrect affirmative statement is not inadvertence.

The Court concludes that the Debtor had motivation to conceal. The Debtor was motivated to achieve plan confirmation which requires support of unsecured creditors. Given the fact that disclosure of the potential preference claim against Defendant would have reduced its net claim against the estate, disclosure of the claim might have prompted Defendant to vote against the plan.

Finally, the Trustee argues at length that Defendant's involvement in the case and awareness of the plan's intended treatment of potential causes of action precludes Defendant from now arguing insufficient disclosure. However, detrimental reliance, while it is an element of equitable estoppel, need not be shown to establish judicial estoppel. Because the Court finds that the Trustee is judicially estopped from bringing this preference claim, it is not necessary to address whether the Trustee's claim is barred by equitable estoppel.

## CONCLUSION

By virtue of bringing this preference action, the Trustee has taken a position inconsistent with positions taken by the Debtor (the Trustee's predecessor-in-interest) in several prior proceedings involving Defendant and specifically related to Defendant's claim against the bankruptcy estate. The Court accepted the Debtors' prior inconsistent position by signing the order confirming the Debtor's plan. Finally, the Debtor's failure to disclose its potential preference claim against Defendant in multiple proceedings was not inadvertent for purposes of judicial estoppel. Therefore, the Trustee's claim is barred by the doctrine of judicial estoppel. By separate judgment issued this date, Summary

Judgment is granted in favor of Defendant Family Express, Inc.