# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 20, 2010

No. 09-40981
Summary Calendar

Lyle W. Cayce
Clerk

KEVIN MARK CORREIA, M.D.,

Plaintiff - Appellant

v.

HARLEY G LAPPIN, Director; FEDERAL BUREAU OF PRISONS;
FEDERAL CORRECTIONAL COMPLEX, BEAUMONT, TEXAS; CHIEF
PSYCHOLOGIST JAMES LEE HOOVER,

Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:08-CV-644

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Kevin Mark Correia, a physician working at a federal correctional facility, filed suit against various official defendants claiming sex discrimination and retaliation under Title VII. His suit was dismissed for failure to name the correct defendant, namely, the Attorney General. He later filed for relief from judgment, which was denied. We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-40981

Dr. Correia is a male psychologist at the Federal Correctional Complex in Beaumont, Texas.  Dr. Correia had an altered work schedule.  His hours were different on Wednesdays so that he could attend to the medical needs of his child.  In 2007, Dr. James Hoover was named the Chief Psychologist at the facility.  Dr. Hoover requested that Dr. Correia resume a regular work schedule.  In response, Dr. Correia began requesting comp time, sick leave, or vacation time to care for his child.  Dr. Correia's repeated requests to use such time were denied despite the fact that he had accumulated more than 900 hours of unused comp time.  He was eventually charged with sick leave abuse and three days of being absent without leave.

On November 5, 2008, Dr. Correia filed suit against Harley Lappin; the Federal Bureau of Prisons; the Federal Correctional Complex; and James Lee Hoover, M.D., alleging sex discrimination, parental status discrimination, and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16, *et seq*.  Correia claimed there were at least four female employees who were allowed flexible work schedules in order to attend to their family needs.

On April 23, 2009, the defendants filed a motion to dismiss alleging a lack of subject matter jurisdiction.  Dr. Correia failed to respond to the motion.  The district court granted the motion on July 9, 2009.  The court held that Dr. Correia had not brought suit against the proper defendant, who was the Attorney General of the United States, and he was not entitled to relief against the defendants in their individual capacities because "individuals are not liable under Title VII in either their individual or official capacities."

Dr. Correia subsequently filed a motion for relief from the judgment and for leave to amend his complaint.  Dr. Correia's counsel offered a number of reasons for the failure to respond.  The primary reason was that his office suffered damage from Hurricane Ike and had experienced computer and server problems since the hurricane.  The district court denied any relief from the

2

judgment on August 26, 2009. The district court did not consider Dr. Correia's motion for leave to amend as it was moot. Dr. Correia appealed.

The Defendants claim that Dr. Correia failed to appeal the dismissal of his complaint but only appealed the denial of his Rule 60(b) Motion. We disagree. Dr. Correia's post-dismissal motion sought, in the alternative, relief from judgment, a new trial, or an alteration of judgment, and also leave to amend. It was filed eleven days after the dismissal. At the time of the motion, a party had ten days to file a motion for new trial or to alter the judgment. Fed. R. Civ. P. 59(b) & (e) (2007). Intervening weekends were not counted, so the motion was timely to preserve the Rule 59 issues, and not just to raise the Rule 60 relief from judgment.

Dr. Correia listed in his notice of appeal both the June dismissal and the August denial of his motion. The timely filing in July of the Rule 59(b) and (e) motion tolled the time to appeal from the dismissal. Fed. R. App. Proc. 4(a)(4). Nonetheless, there clearly was no error in dismissing for failure to join the correct defendant, a motion to which no response had even been filed at the time that the district court ruled. There is no dispute that the Attorney General was the necessary defendant.

The only issue we address, then, is whether it was proper to deny relief from that judgment. We review a district court's denial of a motion for relief from judgment for abuse of discretion. *Silvercreek Mgmt., Inc. v. Banc of Am. Sec., LLC*, 534 F.3d 469, 472 (5th Cir. 2008).

The district court denied the Rule 60(b)(1) motion primarily because counsel's reason for the delay was not persuasive. "Sufficient time elapsed following the hurricane for Plaintiff's counsel to put appropriate measures in place to ensure that deadlines were not missed."

Counsel claims his internal docketing system did not reflect any deadline or note concerning this suit. He alleged server and computer problems after

No. 09-40981

Hurricane Ike. Counsel maintains that this is the reason there was no response to the Motion to Dismiss. No one denied that counsel's office suffered damage due to Hurricane Ike. Hurricane Ike, though, made landfall in Texas on September 13, 2008, more than seven months before the motion to dismiss was filed and more than two months before Dr. Correia filed his original complaint. Counsel does not deny that he would have received electronic notice of the Motion to Dismiss. He claims it must have "slipped through the cracks." Also, counsel listed several cases in which he did file responses and prepare for trial during the time the Motion to Dismiss was filed and the response due.

Reviewing the decision to deny relief, we see minimal danger of prejudice and little impact on judicial proceedings. Counsel may even have acted in good faith. The fact remains that Dr. Correia did not respond to the Motion to Dismiss. The district court found that the reasons for this failure were not persuasive and outweighed other factors. Granting of relief may "have been permissible, or even warranted, [but] denial must have been so *unwarranted* as to constitute an abuse of discretion" before we will reverse. *Huff v. Int'l Longshoremen's Ass'n, Local No. 24*, 799 F.2d 1087, 1091 (5th Cir. 1986) (quoting *Seven Elves, Inc. v. Eskenazi,* 635 F.2d 396, 402 (5th Cir. Unit A Jan. 1981)).

We conclude that the district court did not abuse its discretion.

AFFIRMED.

4