# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60365
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
April 13, 2016
Lyle W. Cayce
Clerk

DEBORAH K. ALVERSON,

  Plaintiff - Appellant

v.

HARRISON COUNTY, MISSISSIPPI, By and Through its Board of
Supervisors; MELVIN BRISOLARA, Harrison County Sheriff, in his official
and individual capacity; CINDY GRIFFITH, Animal Control Officer and
Deputy Sheriff, Badge No. 422 in her official and individual capacity,

  Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:13-CV-467

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

  Appellant Deborah Alverson sued Harrison County, Mississippi and
others under 42 U.S.C. §1983 for the warrantless seizure of her dogs. Alverson
appeals the district court's grant of summary judgment in favor of the
defendants and denial of her Motion for Relief from Final Judgment. Because

---

  * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 15-60365

there is no genuine dispute that the seizure was reasonable and illness, absent evidence or explanation, does not constitute excusable neglect, we affirm.

## I.

The summary judgment record contained the following evidence. On March 26, 2012, the Harrison County Sherriff's Office received a 911 call reporting "a dog that's been abandoned and starving to death" at Alverson's address. Harrison County Animal Control Officer Deputy Sheriff Cindy Griffith responded to the report. Griffith removed Alverson's dogs China and Black Betty from Alverson's driveway. Alverson's neighbor, Lynda Moberg, was present when Griffith removed the dogs.

Both dogs were impounded at the Humane Society of South Mississippi. According to the Humane Society, China died during impoundment due to "severe anemia and emaciation, [c]ompounded by a mild upper respiratory tract infection." Alverson was charged with two counts of Animal Cruelty. Eventually those charges were dropped and Black Betty was returned to Alverson seven months later.

According to Griffith's affidavit, China and Black Betty were in poor health when Griffith arrived at Alverson's property in response to the 911 call. Griffith observed that: (1) China was "unable to walk, could not see, and did not respond to noise" and her eyes "were covered in mucus"; (2) Black Betty only walked on her front legs; (3) both dogs were "covered in fleas, including flea feces," with "extremely overgrown claws"; and (4) both dogs appeared to be underweight and starving with no visible source of food or water besides a pond. Griffith believed "the owner of the dogs had committed the crime of animal cruelty and/or neglect."

In her brief on appeal, Alverson asserts that the dogs "were not undernourished" and that the she "fed them twice a day." Alverson's brief also

2

indicates that, according to Moberg, the dogs "looked very hearty" and were "not abandoned." These assertions are not in the summary judgment record.

Alverson filed this lawsuit against Harrison County, as well as Harrison County Sheriff Melvin Brisolara and Griffith in their official and individual capacities.[1] Alverson brought claims under §1983 alleging that: (1) the warrantless seizure of her dogs resulted in Fourth and Fourteenth Amendment substantive due process violations; (2) her procedural due process rights were violated because she was prevented from obtaining a hearing to gain her dogs' release when Griffith failed to file paperwork; (3) Griffith abused the legal process by filing unfounded Animal Cruelty charges, with the authorization of her supervisors, in retaliation for Alverson's complaints against Griffith; and (4) Griffith initiated prosecution against Alverson without probable cause and for retaliatory purposes. The district court dismissed the abuse-of-process claim as time-barred and the claims against Brisolara in his official capacity as redundant because Harrison County was also a party.

Brisolara, Griffith, and Harrison County moved for summary judgment on all remaining claims. Alverson did not file a response to the motion for summary judgment by the deadline. Four days later, Alverson's counsel e-mailed opposing counsel to confer on a Motion for Additional Time citing his illness as the reason for the unfiled response. Opposing counsel did not respond, and Alverson never filed the motion.

The district court granted summary judgment and dismissed Alverson's claims with prejudice. With regard to Alverson's substantive due process claim, the district court determined that those claims failed because Griffith's

---

[1] Appellee Harrison County adopts the briefs of Appellees Brisolara and Griffith.

3

No. 15-60365

reasonable belief that the dogs evidenced crimes of animal abuse or neglect gave her probable cause to seize the dogs without a warrant.

Alverson filed a timely motion for relief from final judgment under Federal Rule of Civil Procedure 60(b)(1) which the district court summarily denied. Alverson appealed.

## II.

## A.

We review *de novo* the district court's grant of summary judgment. *See In re Deepwater Horizon*, 807 F.3d 689, 693 (5th Cir. 2015). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Alverson argues that a fact issue precluded the district court's grant of summary judgment: the dogs' condition at the time of seizure.[2] Alverson contends the district court should have considered deposition excerpts that allegedly established that the dogs were in good condition at the time of the seizure. Because the deposition excerpts were not part of the summary judgment record, we do not consider them here. *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 (5th Cir. 1992) (declining to consider articles attached to a prior pleading when the articles were not referenced in a summary judgment response). Alverson contends in the alternative that the district court was aware of evidence creating a genuine dispute of fact from her prior pleadings.

---

[2] Because that fact is relevant only to the substantive due process claim, Alverson has waived all other claims on appeal. *United States v. Scroggins*, 599 F.3d 433, 446–48 (5th Cir. 2010) (inadequately briefed issues are waived).

No. 15-60365

However, Alverson fails to identify specific facts in prior pleadings that might create a genuine dispute. *See id.*

Based on the evidence actually in the summary judgment record before the district court, there is no genuine dispute that Griffith's seizure was reasonable. The relevant aspect of the plain view doctrine dictates that a warrantless seizure is reasonable if there was probable cause to believe that the seized object was evidence of a crime. *United States v. Buchanan*, 70 F.3d 818, 825–26 (5th Cir. 1995). Griffith was an animal control officer. She was aware that a 911 caller expressed concern for the dogs' health. When Griffith arrived at Alverson's property, she observed that one dog was unable to see or hear. She saw that both dogs had trouble walking, were covered in fleas, and had overgrown claws. Griffith also believed both dogs were underweight and without any visible food. Accordingly, Griffith's seizure of the dogs was reasonable and did not violate Alverson's Fourth or Fourteenth Amendment rights. *See id.* at 826.

**B.**

We review the district court's denial of a Rule 60(b)(1) motion for abuse of discretion. *United States v. Fernandez*, 797 F.3d 315, 318 (5th Cir. 2015). Rule 60(b)(1) allows the court to relieve a party from a final judgment for mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b)(1). Parties can be held accountable for their counsel's acts and omissions. *Silvercreek Mgmt. v. Banc of Am. Sec. LLC*, 534 F.3d 469, 472 (5th Cir. 2008).

Alverson argues that her attorney's illness amounted to excusable neglect warranting Rule 60(b)(1) relief. Absent evidence or explanation, illness does not qualify as excusable neglect. *See Shaffer v. Williams*, 794 F.2d 1030, 1033–34 (5th Cir. 1986). The record lacks evidence showing that counsel's

No. 15-60365

illness prevented him from contacting the court regarding his illness, seeking a timely extension of the summary judgment response deadline, or explaining his failure to contact the court. *See id.* The district court did not abuse its discretion in determining that Alverson had not shown excusable neglect under Rule 60(b)(1).

AFFIRMED.[3]

---

[3] We DENY AS MOOT Appellees' Joint Motion to Strike Portions of Appellant's Reply Brief.