# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 13, 2021

Lyle W. Cayce
Clerk

No. 20-11145
Summary Calendar

Todd W. Hutton; Tammy D. Hutton, *in respect of the property at 10270 County Road 213, Forney, Texas 75126*,

*Plaintiffs—Appellants*,

*versus*

Bank of New York Mellon Trust Company, N.A.,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:19-CV-1962

Before Jolly, Graves, and Costa, *Circuit Judges*.

Per Curiam:*

At a foreclosure sale, Bank of New York Mellon Trust Company, N.A. bought property once owned by Todd and Tammy Hutton. Despite the sale, the Huttons refused to vacate the property. They sued the Bank in Texas state court, aiming to establish title to the property by adverse possession

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

under Texas's three-year limitations period, Tᴇx. Cɪv. Pʀᴀᴄ. & Rᴇᴍ. Cᴏᴅᴇ Aɴɴ. § 16.024.

The Bank removed the case to federal court and then moved for summary judgment. The Huttons did not respond within the 21 days provided under the local rules. *See* N.D. Tᴇx. Lᴏᴄᴀʟ Cɪvɪʟ Rᴜʟᴇ 7.1(e). They did not contact the district court or opposing counsel or request an extension. Instead, without explanation, they filed a response nine days late. The district court struck the response, granted summary judgment to the Bank, and entered a take-nothing judgment. The Huttons then moved for relief from that judgment under Federal Rule of Civil Procedure 60(b), contending counsel's illness caused the missed deadline and constituted "excusable neglect." The district court disagreed and denied relief. The Huttons appeal, challenging the denial of Rule 60(b) relief, the grant of summary judgment, and the striking of their response.

We begin with the denial of Rule 60(b) relief, and we review for abuse of discretion, *see Silvercreek Mgmt., Inc. v. Banc of Am. Sec., LLC,* 534 F.3d 469, 472 (5th Cir. 2008). Rule 60(b) empowers a district court to relieve a party from a final judgment for "excusable neglect." Fᴇᴅ. R. Cɪv. P. 60(b)(1). The Huttons contend the district court abused its discretion in not finding that it was "excusable neglect" for their counsel to miss the summary-judgment response deadline while suffering from "Idiopathic Intracranial Hypertension" causing "double vision, dizziness and days of total blindness." We cannot agree. "A court may hold a party accountable for the acts and omissions of its counsel." *Silvercreek,* 534 F.3d at 472. The illness of counsel is not a *per se* justification for Rule 60(b) relief. *See Alverson v. Harrison Cnty.*, 643 F. App'x 412, 416 (5th Cir. 2016) (per curiam) (unpublished) (citing *Shaffer v. Williams*, 794 F.2d 1030, 1033–34 (5th Cir. 1986)). Here, the Huttons offered no medical documentation to support the sudden illness counsel claims. True, they did point to the declaration of

counsel, who attested under penalty of perjury that she could not see that a summary-judgment motion had been filed until the response deadline had passed. Even taking counsel at her word, however, the Huttons have not shown an abuse of discretion. Counsel started suffering from the alleged illness in late August, yet she made no effort whatsoever to inform the district court or opposing counsel of the alleged illness—until late October, *after* an adverse judgment had been entered. Nor did counsel take steps to protect her clients' interests during the eight-week period she claims she was incapacitated. Such "[g]ross carelessness" is not grounds for Rule 60(b) relief. *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993); *see also Golden v. Spring Hill Assocs.*, 1993 WL 127942, at *2, 992 F.2d 1216 (6th Cir. 1993) (per curiam) (unpublished) (district court did not abuse its discretion in finding no "excusable neglect" where attorney failed to inform district court of his illness until after dismissal and the only evidence of illness was counsel's affidavit).

We next consider the order striking the Huttons' untimely summary-judgment response. We review the enforcement of local rules for abuse of discretion. *See Klocke v. Watson*, 936 F.3d 240, 243 (5th Cir. 2019). Under the relevant local rules, "[a] response and brief to an opposed motion must be filed within 21 days from the date the motion is filed." N.D. Tex. Local Civil Rule 7.1(e). The Bank filed its motion on September 15; a response was due on October 6; and a response was not filed until October 15. It is therefore undisputed that the Huttons violated the local rules by filing a late response without seeking an extension in advance of the deadline or leave of court to file a response after the deadline had passed. The district court acted within its discretion in striking the untimely response. *E.g.*, *Kitchen v. BASF*, 952 F.3d 247, 254 (5th Cir. 2020).

Finally, we consider the summary judgment dismissing the Huttons' claim to establish title to property by adverse possession under Texas's three-

No. 20-11145

year limitations period.  Our review is *de novo.  See West v. City of Houston*, 960 F.3d 736, 740 (5th Cir. 2020) (per curiam).  Because the district court did not abuse its discretion in striking the Huttons' untimely response, it follows that the district court was entitled to accept as undisputed the facts so listed in support of the Bank's motion for summary judgment. *See Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988).  Viewing the record in this light, we conclude that the Bank "made a *prima facie* showing of its entitlement to [summary] judgment," *id.*, by pointing to the absence of evidence that the Huttons held the property under title or color of title, an element of the Huttons' claim. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.024; *Terrill v. Tuckness*, 985 S.W.2d 97, 107 (Tex. App.—San Antonio 1998) (a party cannot claim adverse possession under the three-year limitations period unless he holds the property under title or color of title). Consequently, summary judgment was appropriate.

In sum, the district court did not abuse its discretion in denying Rule 60(b) relief or in striking the Huttons' untimely summary-judgment response.  Nor did the district court err in granting summary judgment for the Bank.  Accordingly, the district court's judgment is, in all respects,

AFFIRMED.[1]

---

[1] The Bank's motion to substitute real parties in interest is DENIED as moot.