# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 27, 2010

No. 08-11153
Summary Calendar

Lyle W. Cayce
Clerk

REZA VAFAIYAN

Plaintiff-Appellant

v.

CITY OF WICHITA FALLS, TEXAS; NORTH TEXAS DRUG TASK FORCE; BOBBY DILBECK; CHRISTOPHER L TAYLOR; NFN LOVE, Officer; JOHN SPRAGINS; MARK BALL, Sergeant; WICHITA COUNTY SHERIFF DEPARTMENT; JIM WHITEHEAD; TOM CALLAHAM, Wichita County Sheriff; DARRON LIEKER

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:06-CV-69

Before JONES, Chief Judge, and JOLLY and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Reza Vafaiyan, Texas prisoner # 1361129, is serving a life sentence for a money laundering conviction.  In 2007, Vafaiyan filed a 42 U.S.C. § 1983 complaint against numerous state officials relating to his arrest and incarceration.  The district court ordered Vafaiyan to respond to a motion

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

pursuant to Rule 7(a) of the Federal Rules of Civil Procedure to provide more factual information regarding his allegations of misconduct. The court granted Vafaiyan one extension of time. However, Vafaiyan failed to file a timely reply, and the court dismissed the action for want of prosecution. More than one year later, Vafaiyan filed a motion pursuant to Rule 60(b) seeking reconsideration of the judgment on grounds of excusable neglect. The court denied that motion. Vafaiyan filed a second motion seeking reconsideration or findings and conclusions with respect to the denial of the first motion. The court denied the second motion. Vafaiyan now appeals.

Because Vafaiyan's notice of appeal was untimely as to the underlying order of dismissal, we review only the denials of the postjudgment motions. *See Halicki v. La. Casino Cruises, Inc.*, 151 F.3d 465, 470 (5th Cir. 1998). Our review is for abuse of discretion. *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 353 (5th Cir. 1993).

Vafaiyan claims inadvertence and excusable neglect for failure to comply with the Rule 7(a) order, asserting that he was proceeding pro se, had difficulty with the English language, lacked access to a law library due to being moved to several units and placement in administrative segregation, a mail delay, lack of writing materials, and health problems. Thus, he contends, he was entitled to relief for excusable neglect under Rule 60(b).

We find no abuse of discretion. First, a Rule 60(b)(1) motion based on excusable neglect must be filed within one year of entry of the judgment or order. FED. R. CIV. P. 60(c). Vafaiyan's first motion was filed at the earliest on August 28, 2008, more than one year after entry of the dismissal order. On that basis alone, the district court did not abuse its discretion. In addition, Vafaiyan has not demonstrated grounds for relief. The Rule 7(a) motion sought factual information, asking Vafaiyan to specify what the defendants conspired to do and the identity of each defendant engaged in the specific acts that he had alleged in his complaint. Vafaiyan has not shown how he was prevented from

responding.  Even pro se litigants must comply with procedural rules, *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981), and ignorance of the law is not a basis for Rule 60(b)(1) relief.  *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993).  To the extent that Vafaiyan's motion might fall under Rule 60(b)(6), which requires a showing of extraordinary circumstances, Vafaiyan's arguments likewise fail.  *See Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002).  In sum, we cannot say that the district court's denial of Vafaiyan's first motion was "so unwarranted as to constitute an abuse of discretion."  *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981).  As Vafaiyan's second motion did not raise any different grounds, the district court likewise did not err by denying it.  *See Templet v. HydroChem Inc.*, 364 F.3d 473, 479 (5th Cir. 2004); *Latham v. Wells Fargo Bank, N.A.*, 987 F.2d 1199, 1203-04 (5th Cir. 1993).

We also find no error in the district court's failure to provide reasons.  *See* FED. R. CIV. P. 52(a)(3), (b).  To the extent that Vafaiyan complains about the lack of appointed counsel, that issue was not encompassed in the postjudgment motions and, in any case, Vafaiyan showed no exceptional circumstances that would warrant the appointment of counsel.  *See Richardson v. Henry,* 902 F.2d 414, 417 (5th Cir. 1990).  We do not address any arguments by Vafaiayan regarding the merits of his § 1983 claims against the defendants as they are not properly before the court.

The judgment of the district court is AFFIRMED.