# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-20600
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 24, 2015

Lyle W. Cayce
Clerk

LATIA M. JONES

Plaintiff-Appellant

v.

FJC SECURITY SERVICES, INC.

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CV-03688

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Latia M. Jones,[1] proceeding pro se, appeals the district court's judgment of August 19, 2014, granting summary judgment against her Title VII claims.

## I.

Ms. Jones filed an Original Complaint in December 2012 alleging that she was discriminated against by her employer FJC Security Services, Inc.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Ms. Jones's first name is written "LaTia" in some of the filings before us, but her own briefs use "Latia."

No. 14-20600

("FJC") on the basis of sex and race.  She also alleged that she faced retaliation for filing an earlier employment discrimination complaint.  FJC filed an answer, and the parties proceeded to discovery.

In October 2013, FJC moved for an extension of the discovery and motions deadlines, informing the court that that Ms. Jones had filed a new charge against it with the Equal Employment Opportunity Commission (EEOC).  The parties had agreed to mediation of the new EEOC charge, to take place in November 2013; FJC requested the extension "in furtherance of the goals of mediating the claim."  The record shows that the district court granted the unopposed motion and set new discovery and motions deadlines for December 2013 and January 2014, respectively.  Ms. Jones appears to have understood that the court was suspending discovery and encouraging the parties to mediate the instant case (not just postponing to allow mediation on the *new* EEOC charge).

Apart from a motion by Ms. Jones to extend the deadline to provide discovery materials to FJC, which the court granted, no further activity occurred in the district court for several months.  Ms. Jones argues that during this time she diligently attempted to contact FJC in order to participate in mediation, but FJC never responded.  In December 2013, FJC deposed Ms. Jones.  Then on January 15, 2014, FJC filed a motion for summary judgment.

Ms. Jones moved for a 10-day extension of time to respond to the summary judgment motion, and the court extended the deadline to February 14, 2014.  Ms. Jones also attempted to subpoena documents from the EEOC.  On the new deadline for her opposition to summary judgment, Ms. Jones filed a "Motion for Order of Compliance."  She stated in her motion that she "would like to provide a response to Defendants Motion for Summary Judgment and include all information in support of her claims" but that she could not do so unless the EEOC was compelled to produce relevant documents.  Both the

2

No. 14-20600

EEOC and FJC filed oppositions to the Motion for Order of Compliance, arguing, inter alia, that the motion was filed after the close of discovery, and that the subpoena sought documents that did not exist, was not calculated to produce relevant evidence, and provided impossible-to-meet deadlines.

With the summary judgment and Order of Compliance motions pending, on March 3, 2014 the court vacated the docket control schedule, noting that it would reset the schedule if appropriate after the motions were resolved. Ms. Jones appears to have understood that this order paused proceedings once again in order to allow the parties to follow through on mediation. On March 5th, the magistrate judge to whom Ms. Jones's motion had been referred denied the Motion for Order of Compliance.[2] In the weeks following, Ms. Jones again attempted to engage in mediation with FJC. No further activity appears on the district court docket until August 19, 2014, when the court issued an Opinion and Order granting FJC's motion for summary judgment on the merits.[3] Ms. Jones appeals.

## II.

Ms. Jones does not argue that the motion for summary judgment was wrongly granted on the merits; her argument is procedural. She urges that FJC's motion for summary judgment, the corresponding deadline for her response, and the district court's final decision all took her by surprise. According to Ms. Jones, the district court postponed discovery to allow mediation, but FJC refused to participate despite her diligent efforts. Because Ms. Jones understood that proceedings were paused, she was unprepared to respond when the motion for summary judgment was filed. Though she

---

[2] Ms. Jones filed a Reply regarding this motion on March 6th, the day after it was denied.

[3] The only exception is Ms. Jones's Reply to Defendant's Response to Plaintiff's Motion for Order of Compliance, which was filed the day after the motion it addressed was denied.

attempted to comply with the deadline, she could not obtain needed documents in time, so she instead asked the court to compel the EEOC's cooperation. Then, after the court vacated its docket control schedule, Ms. Jones again understood that proceedings were paused for mediation and thus was surprised by the district court's final order and judgment. Ms. Jones maintains that the parties could have settled the case if the district court had not "prematurely" granted summary judgment.

Ms. Jones does not offer a legal theory explaining why the grant of summary judgment should be overturned. Construing her briefs liberally,[4] she argues that she was denied a fair chance to respond to the motion for summary judgment because the district court orders were unclear or otherwise failed to inform her what was expected of her.

### III.

Bringing a case pro se is challenging, especially for non-lawyers. Ms. Jones was at a significant disadvantage because she was unable to hire counsel familiar with court proceedings. Recognizing such disadvantages, we traditionally extend leniency to pro se litigants,[5] and applaud district court efforts to facilitate pro se litigants' understanding of their responsibilities. Nonetheless, we expect litigants to meet court deadlines and observe the rules of civil procedure.[6]

---

[4] *S.E.C. v. AMX, Intern., Inc.*, 7 F.3d 71, 75 (5th Cir. 1993).

[5] *Id.*; *Fujita v. United States*, 416 Fed. App'x. 400, 402-03 (5th Cir. 2011) (noting that plaintiff's discovery "difficulties deserve some solicitude because of 'this court's traditional disposition of leniency toward pro se litigants'") (quoting *Spotville v. Cain,* 149 F.3d 374, 377 (5th Cir. 1998)).

[6] *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *see also Vafaiyan v. City of Wichita Falls, Tex.*, 398 Fed. Appx. 989, 990 (5th Cir. 2010); *Fujita*, 416 Fed App'x. at 402 (noting that the district "court would have been justified in enforcing the deadline" against pro se plaintiff).

No. 14-20600

District courts have broad discretion to enforce their scheduling orders.[7] Here, the district court's order extending deadlines clearly stated that discovery was to be completed by December 15, 2013 and that both dispositive and non-dispositive motions were to be filed by January 15, 2014. Ms. Jones does not dispute that she received this order. Even if Ms. Jones initially believed that the order *suspended* discovery pending mediation, her October and December 2013 participation in discovery activities provided additional notice that discovery was ongoing.

Ms. Jones was also clearly aware of the February 14, 2014 deadline for her response to the motion for summary judgment because she asked for and received an extension.[8] Finally, though she may have misunderstood the effect of the district court's March 4th order vacating its docket control schedule, by that time she had already missed the deadlines to complete discovery and respond to the motion for summary judgment.

More could have been done to ensure that Ms. Jones understood the effect of the district court's orders. Nevertheless, that Ms. Jones may have misunderstood the orders does not excuse her failure to meet its deadlines.[9] The court did not abuse its discretion by failing to give Ms. Jones additional

---

[7] *Fujita*, 416 Fed. Appx. at 402 & n.6 (explaining, in case involving pro se litigant, the district court's discretion to manage discovery); *Martinez v. Union Carbide Corp.*, 62 F.3d 392 (5th Cir. 1995) (unpublished) (reviewing district court's refusal to allow pro se litigant to late-designate her expert witnesses for abuse of discretion).

[8] The district court also granted Ms. Jones additional time to comply with FJC's discovery requests.

[9] *See Thunderhorse v. Lynaugh*, 38 F.3d 570 (5th Cir. 1994) (unpublished) (noting that the court "was under no obligation to affirmatively notify [the pro se litigant] that he could conduct discovery"); *see also Murry v. Gen. Services Admin.*, 553 Fed. App'x. 362, 364 (5th Cir. 2014) (rejecting pro se plaintiff's argument that her claims should not be barred by *res judicata* because "no one told her that her [] claims should have been brought alongside" earlier claims).

No. 14-20600

time to complete discovery,[10] or by denying her Motion for Order of Compliance.[11]    Nor did it abuse its discretion by failing to grant a second extension of time for her response to the motion for summary judgment.[12]

We AFFIRM the judgment of the district court.

---

[10] Though Ms. Jones did not ask the court to extend the discovery deadline, the court could conceivably have construed her Motion for Order of Compliance as such a request.

[11] In denying the Motion, the magistrate noted that Ms. Jones "did not serve a copy of the Motion on the EEOC," and further cited, inter alia, the "EEOC's confidentiality objections to Plaintiff's request for documents related to a third party" and the extremely limited time the subpoena gave the EEOC to comply.

[12] The court did grant Ms. Jones's requested 10-day extension.  Her Motion for Order of Compliance could be construed as a request for an additional extension of time, though it focused on the need for additional discovery.