# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

August 13, 2015

Lyle W. Cayce
Clerk

No. 14-30910

UNITED STATES OF AMERICA,

Plaintiff - Appellant

v.

ROLANDO FERNANDEZ, also known as Roly,

Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana

Before HIGGINBOTHAM, DAVIS, and SOUTHWICK, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

In this case, we are called upon to decide whether a Rule 60(b) motion to provide relief from a final judgment was timely. Concluding it was not, we reverse.

## I.

### A.

From the mid-1980s through the early-1990s, Luis Sensat headed a drug trafficking enterprise that shipped thousands of kilograms of cocaine from Colombia into the United States. Rolando Fernandez, the defendant, was a member of Sensat's organization.

In July 1994, Fernandez and Sensat were indicted in the Eastern District of Louisiana on various drug distribution and conspiracy charges.

No. 14-30910

About a month before trial began, Fernandez moved to sever his trial from Sensat's case.  He argued that he and Sensat had "mutually inconsistent defenses" and that a limiting instruction by the court would be insufficient. The government opposed and the district court denied the motion.  At trial, the jury found Sensat and Fernandez guilty on all counts.  The district court sentenced Fernandez to life imprisonment.

On direct appeal, Fernandez and Sensat challenged their convictions on various grounds, none of which related to the severance motion.[1]  Our court affirmed in a decision issued on October 1, 1996.

B.

In September 1997, Fernandez moved under 28 U.S.C. § 2255 to vacate his conviction and sentence on the grounds that he had, inter alia, been denied the effective assistance of counsel.[2]  In the facts section of his memorandum, he pointed to five specific examples of ineffective trial counsel assistance, one of which was related to his severance argument.  Fernandez never mentioned or developed this claim in the legal argument section of his papers.

The district court denied Fernandez's section 2255 motion.  It dispatched his ineffective assistance of trial counsel claim in a one-and-a-half-page section of the order.  The court began by listing Fernandez's specific accusations of ineffective counsel conduct, including, as relevant here, "that his attorney failed to obtain from co-defendant Luis Sensat an affidavit stating that Fernandez was not a part of the 'Sensat Organization,'" the same claim Fernandez had mentioned in the facts section of his motion.  The court then determined that "[n]one of [the] movant's allegations satisfies the deferential

---

[1] As we explained: "This matter is before the court on appeals by Rolando Fernandez and Luis Sensat of their convictions and sentences urging a double jeopardy defense, errors in the court's rulings on *in limine* motions to suppress and for a bill of particulars, inadequacy of the evidence, and errors in the jury charge."

[2] He also argued that the government had failed to disclose impeachment evidence.

2

standard of *Strickland* [v. *Washington*]." In sum, the district court held "[t]he record is clear" that Fernandez's "claim for ineffective assistance of counsel cannot be sustained."

Fernandez requested that the district court issue a certificate of appealability, though he did not specifically mention either the motion for severance or the Sensat affidavit in that application. The district court denied the motion for a certificate of appealability, as did we.

C.

The case ran silent for nearly a decade. Then, in 2008, the district court docketed a letter sent by Fernandez in which he asked for the court to explain why it had sentenced him to life in prison. The court eventually appointed a federal public defender to represent Fernandez. The public defender and the United States Attorney's Office spent several years attempting to find a way to jointly resolve the case. Those discussions failed to bring about a mutually agreeable resolution, however, and in 2012, Fernandez moved pursuant to Federal Rule of Civil Procedure ("Rule") 60(b)(6) to reopen his section 2255 motion. He argued that the district court had, back in 1998, failed to resolve his severance-based ineffective assistance of counsel claim, and as a result that claim "was never resolved."

The district court agreed. It determined that it had "not address[ed] an important claim that Fernandez made in his original [section] 2255 petition," and so it was proper to reopen that petition via Rule 60(b)(6). It also reached the merits of the petition, holding that Fernandez's trial counsel was constitutionality inadequate. The court then granted Fernandez's section 2255 motion, vacated his conviction, and granted him a new trial.

The government timely appeals.

No. 14-30910

## II.

### A.

We review the district court's decision granting or denying relief under Rule 60(b) for abuse of discretion.[3] "A district court abuses its discretion if it bases its decision on an erroneous view of the law or on a clearly erroneous assessment of the evidence."[4]

### B.

While a final judgment is normally just that, final, Rule 60(b) provides a mechanism by which parties can, in certain situations, obtain relief from a final judgment absent an order from an appellate court. "The provisions of this rule must be carefully interpreted to preserve the delicate balance between the sanctity of final judgments, expressed in the doctrine of res judicata, and the incessant command of the court's conscience that justice be done in light of all the facts."[5]

Rule 60(b) attends in the following circumstances:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

---

[3] *See, e.g., Diaz* v. *Stephens*, 731 F.3d 370, 374 (5th Cir. 2013); *Edwards* v. *City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996) (en banc).

[4] *Hesling* v. *CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005) (quoting *Kennedy* v. *Tex. Utils.*, 179 F.3d 258, 265 (5th Cir. 1999)).

[5] *Bankers Mortg. Co.* v. *United States*, 423 F.2d 73, 77 (5th Cir. 1970).

No. 14-30910

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.[6]

These six categories of relief are "mutually exclusive" from one another, meaning that an action cannot be brought through the catch-all provision of Rule 60(b)(6) if it could have been brought through one of the Rule's first five subsections.[7]  Moreover, a motion "must be made within a reasonable time-- and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."[8]  "[R]elief under subsection (6) is not available to a movant where . . . the relief sought would have been, if not for the Rule's time limits, within the coverage of another of the subsections of the Rule."[9]  Said differently, if a motion was of a type that must be brought within a year, and that year passed without filing, the movant cannot resort to Rule 60(b)(6); rather, it finds has itself without Rule 60(b) remedy altogether.

Rule 60(b)(1) allows a court to provide relief in the case of "mistake, inadvertence, surprise, or excusable neglect."[10]  That error can be on the part

---

[6] Fed. R. Civ. P. 60(b).

[7] *Hesling*, 396 F.3d at 643 ("This Court has consistently held that relief under 60(b)(6) is mutually exclusive from relief available under sections (1)-(5)."); *Hess* v. *Cockrell*, 281 F.3d 212, 215 (5th Cir. 2002) ("the first five clauses of Rule 60(b) and the sixth are mutually exclusive").

[8] Fed. R. Civ. P. 60(c)(1).

[9] *McKay* v. *Novartis Pharmaceutical Corp.*, 751 F.3d 694, 701 n.5 (5th Cir. 2014) (quoting *Wilson* v. *Johns-Manville Sales Corp.*, 873 F.2d 869, 872 (5th Cir. 1989)); *see also Pioneer Inv. Servs. Co.* v. *Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993) ("Rule 60(b)(1) . . . permits courts to reopen judgments for reasons of 'mistake, inadvertence, surprise, or excusable neglect,' but only on motion made within one year of the judgment. Rule 60(b)(6) goes further, however, and empowers the court to reopen a judgment even after one year has passed for 'any other reason justifying relief from the operation of the judgment.' These provisions are mutually exclusive, and thus a party who failed to take timely action due to '[mistake]' may not seek relief more than a year after the judgment by resorting to subsection (6)."); 11 Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 2864 (3d ed. 2015).

[10] Fed. R. Civ. P. 60(b)(1).

No. 14-30910

of the court as well as a party.[11]  The party must move for relief, however, within one year of the entry of judgment.[12]  In this case, the basis for Fernandez's Rule 60(b)(6) motion was that the district court had, fourteen years earlier, neglected or forgotten to rule on a part of his original ineffective assistance of trial claim.[13]  This claim falls squarely within the "mistake [or] inadvertence" prong of Rule 60(b)(1).  That provision's one-year time bar has long since expired, however, and because of the exclusivity requirement discussed above, Fernandez cannot now bring his claim through Rule 60(b)(6).

By concluding otherwise, the district court made a legal error, and in doing so, abused its discretion.[14]  We must reverse.

## III.

We REVERSE the order of the district court granting Fernandez's Rule 60(b) motion.  We REMAND with instruction to reinstate the verdict and sentence.

---

[11] *See, e.g.*, *Santa Fe Snyder Corp.* v. *Norton*, 385 F.3d 884, 887 (5th Cir. 2004) ("The 'mistake' referred to in the rule can apply to the court's own error."); *McCray* v. *Poythress*, 638 F.2d 1308, 1314 (5th Cir. 1981) ("This court has held that Rule 60(b)(1) relief is available when the mistake or inadvertence is that of the trial judge.").

[12] Fed. R. Civ. P. 60(c)(1).

[13] In his motion, Fernandez asserted "that the district court *failed* to rule on one of the claims in his [section] 2255 petition."  He also stated that "the [c]ourt *mistakenly* treated all of [his] ineffective assistance claims as pertaining to counsel's trial performance. . . . As a result, Fernandez's claim of ineffective assistance of counsel in relation to the motion for severance was never resolved."  In its order, the district court agreed that it "did not address an important claim that Fernandez made in his original [section] 2255 petition."

[14] *See Hesling* v. *CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005).