# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60863
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 8, 2016

Lyle W. Cayce
Clerk

CABIN S. LONG,

Plaintiff–Appellant,

v.

DEBORAH LEE JAMES, Secretary of the United States Air Force; UNITED STATES OF AMERICA,

Defendants–Appellees.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:13-CV-343

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:*

Plaintiff–Appellant Cabin Long filed suit against Defendants–Appellees Deborah Lee James, Secretary of the United States Air Force, and the United States of America, alleging disability discrimination under the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*, and the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.* ROA.149–60. On July 6, 2015, Defendants

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

moved for summary judgment, and Long did not respond to the motion. ROA.268–71, 388. On September 23, 2015, the district court granted summary judgment to Defendants, dismissed Long's claims with prejudice and entered final judgment. ROA.348–49. Two days later, on September 25, 2015, Long filed a Motion for Relief from Judgment under Federal Rules of Civil Procedure 60(b)(1) and 60(b)(6), claiming that his counsel did not receive Defendants' Motion for Summary Judgment from the court's electronic filing system and was thus unaware that any motion had been filed until his counsel received the court's final judgment. ROA.350–57. Long submitted affidavits from his counsel and his counsel's assistant which averred that they searched their e-mail and did not discover any record of receiving Defendants' motion. ROA.358–59. Long asked the district court to reopen the case and allow him 15 days to respond to Defendants' motion. ROA.356. The district court denied Plaintiff's Motion for Relief. ROA.391–92.

We review a district court's denial of relief under Rule 60(b) for abuse of discretion. *United States v. Fernandez*, 797 F.3d 315, 318 (5th Cir. 2015). "A district court abuses its discretion if it bases its decision on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Id.* (quoting *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005)).

Rule 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; [or] . . . (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6). Rule 60(b)(1) provides relief for a party that has failed to "timely answer or otherwise defend" if the party demonstrates that its failure (1) "resulted from justifiable neglect" and (2) "that a fair probability of success on the merits existed if the judgment were to be set aside." *Fed. Sav. & Loan Ins. Corp. v. Kroenke*, 858 F.2d 1067, 1069 (5th Cir. 1988). Rule 60(b)(6) is a

No. 15-60863

catch-all provision that provides relief for "any other reason" but is only granted "if extraordinary circumstances are present." *Hess v. Cockrell*, 281 F.3d 212, 215–16 (5th Cir. 2002) (quoting *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995)).

Although Rule 60(b)(1) provides relief for "excusable neglect," this does not encompass mistakes resulting from the "[g]ross carelessness" of counsel or counsel's failure to act with diligence. *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 356–57 (5th Cir. 1993); *see also* 11 Charles Alan Wright et al., Federal Practice and Procedure § 2858 (3d ed. 2016) ("Insufficient showings for relief [under Rule 60(b)(1)] . . . include when the party or attorney did not act diligently to discover the purported mistake . . . ."). "A party has a duty of diligence to inquire about the status of a case . . . ." *Bohlin*, 6 F.3d at 357.

Long argues that his counsel's failure to receive e-mail notification of Defendants' motion for summary judgment constitutes "excusable neglect" for his failure to respond. Blue Br. 10–17. We disagree. As the district court observed, Defendants had put Long on notice that they "intend[ed] to file a dispositive motion" prior to the filing deadline, ROA.259–60, and Long was aware the filing deadline had been continued to July 6, 2015, ROA.391. The district court noted there was a 79-day gap between the filing deadline and the district court's entry of final judgment, and Long's counsel had ample opportunity to check the district court docket in this intervening period. ROA.391. In addition, even if Long's failure to respond was "excusable neglect," Long failed to provide specific evidence in his motion for relief that he had a "fair probability of success on the merits" if the judgment were set aside, and thus relief under Rule 60(b)(1) would be improper. *See Kroenke*, 858 F.2d at 1069. Although Long also seeks relief under Rule 60(b)(6), he has not demonstrated that "extraordinary circumstances" are present here. *Hess*, 281 F.3d at 216. We conclude therefore that the district court did not abuse its

3

No. 15-60863

discretion in denying Long's motion for relief and AFFIRM the judgment of the district court.