# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-50521

United States Court of Appeals
Fifth Circuit

**FILED**
June 6, 2018

Lyle W. Cayce
Clerk

RICHARD SERNA,

      Plaintiff - Appellant

v.

MEGAN J. BRENNAN, United States Postmaster General,

      Defendant - Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:15-CV-198

Before CLEMENT, HIGGINSON, and HO, Circuit Judges.

PER CURIAM:*

Richard Serna, a former mail processor clerk for the United States Postal Service, filed an employment discrimination action in March 2015. In it, he alleged violations of Title VII of the Civil Rights Act of 1964, the Rehabilitation Act of 1973, and the Age Discrimination in Employment Act of 1967. The district court accepted the magistrate judge's memorandum and recommendation (M&R) that the USPS's motion to dismiss be granted on all

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

claims.  Serna neither filed any objections to the M&R nor directly appealed the district court's judgment.  On January 19, 2017, two days before the one-year anniversary of the district court's judgment, Serna filed a motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b).  Serna now appeals the district court's subsequent denial of that Rule 60(b) motion.  Because the district court correctly deemed that Serna failed to meet the requirements for this "extraordinary remedy," we affirm.  *In re Pettle*, 410 F.3d 189, 191 (5th Cir. 2005) (quoting *Carter v. Fenner*, 136 F.3d 1000, 1007 (5th Cir. 1998)).

We review a denial of a Rule 60(b) motion for abuse of discretion.  *Id.*  "A district court abuses its discretion if it bases its decision on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *United States v. Fernandez*, 797 F.3d 315, 318 (5th Cir. 2015) (quoting *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005)).  Furthermore, because Serna's brief solely addressed his Rehabilitation Act claim, that is the only claim we now consider on appeal.  *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).

The primary basis of Serna's Rule 60(b) motion was his discovery of alleged "new evidence"—namely, that "[o]n or about June 9, 2016 Sterling Ricks, Vice-President [of the American Postal Workers Union] Local 0195 confirmed there is *no CBA provision requiring the Plaintiff to file his discrimination disability claims as a union grievance*."  Under Rule 60(b)(2), a court may relieve a party from a final judgment due to "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." FED. R. CIV. P. 60(b)(2).  Holding aside the dubious notion that this alleged "new evidence" could not have been discovered in time for Serna to file a Rule 59(b) motion, the district court properly rejected this "new evidence" as inadmissible hearsay.  Furthermore, even if it were not hearsay, the magistrate judge and district court properly

viewed this issue as being foreclosed by this Court's clear ruling in *Gilbert v. Donahoe*, 751 F.3d 303 (5th Cir. 2014). *Gilbert* similarly involved a claim about the treatment of the Rehabilitation Act in the collective bargaining agreement between the USPS and the American Postal Workers Union. In *Gilbert*, we held that "the [collective bargaining agreement] requires [a plaintiff] to pursue her Rehabilitation Act claims through the specified grievance and arbitration procedures." *Id.* at 310. The district court did not clearly err in concluding that *Gilbert*, a binding case in this Court, still applies, notwithstanding the inadmissible hearsay forming the basis of Serna's delayed Rule 60(b) motion filing.

We are also persuaded that the district court did not abuse its discretion in denying Serna's Rule 60(b) motion on the Rule 60(b)(1) grounds that there was no "mistake, inadvertence, surprise, or excusable neglect" in this litigation. FED. R. CIV. P. 60(b)(1). Serna failed to object to the M&R, and he failed to appeal the district court's judgment. If Serna objects to the way the American Postal Workers Union handled his Rehabilitation Act grievance claim, he may have a cause of action against the Union. But that has no bearing on this Rule 60(b) motion to reopen his case against the USPS.

Finally, we are similarly persuaded that the district court did not abuse its discretion in denying Serna's Rule 60(b) motion on the Rule 60(b)(3) grounds that he failed to establish "fraud . . . , misrepresentation, or misconduct by an opposing party." FED. R. CIV. P. 60(b)(3). There was plainly no fraud or misconduct by the USPS in moving to dismiss Serna's claim under Rules 12(b)(1) and 12(b)(6)—relying in part on its argument that the district court lacked jurisdiction over Serna's Rehabilitation Act claim under *Gilbert*.

Therefore, the district court's judgment is AFFIRMED.