# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 23, 2024

Lyle W. Cayce
Clerk

———————

No. 23-40331

———————

Dorothy Smith-Hubbard,

*Plaintiff—Appellant*,

*versus*

AMICA Mutual Insurance Company, *doing business as AMICA General Agency, L.L.C.*,

*Defendant—Appellee*.

———————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:21-CV-316

———————————————————

Before Elrod, Willett, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Dorothy Smith-Hubbard sued her insurance carrier, AMICA Mutual Insurance Company, for benefits under her insurance policy. Her counsel failed to respond to AMICA's discovery requests and motion for summary judgment. The district court denied her Rule 60(b) motion for relief from the

————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

judgment entered against her. She now appeals that decision and challenges the district court's subject-matter jurisdiction.

We AFFIRM.

I

Smith-Hubbard was hit by a car in a marked crosswalk. In September 2021, she sued AMICA in Texas state court, seeking to recover under the underinsured motorist provision in her insurance policy. AMICA removed the case to federal court based on diversity jurisdiction. Smith-Hubbard moved to remand, arguing that because AMICA consented to jurisdiction in Texas, diversity jurisdiction was not satisfied. The district court denied the motion, explaining that Smith-Hubbard apparently confused personal jurisdiction with subject-matter jurisdiction.

In February 2022, AMICA served Smith-Hubbard with discovery requests, including requests for admissions under Federal Rule of Civil Procedure 36. It also sent opposing counsel a copy of the discovery requests via email and filed a "Notice of Compliance" via the court's electronic case management system (CM/ECF), informing the court that it electronically served discovery requests on Smith-Hubbard's counsel. Although Smith-Hubbard's counsel communicated with AMICA a few times over email, including in June 2022 when AMICA notified Smith-Hubbard's counsel that it had not received any written discovery responses, he never responded to the requests. Because he did not respond to the request for admissions within 30 days, each matter was deemed admitted under Rule 36. *See* FED. R. CIV. P. 36(a)(3).

AMICA moved for summary judgment based on the deemed admissions in July 2022. Smith-Hubbard did not respond. The district court granted the motion and entered a final judgment on December 12, 2022. On March 6, 2023, Smith-Hubbard filed a Rule 60(b) motion, seeking to vacate

the judgment and withdraw the deemed admissions. The district court denied the motion. Smith-Hubbard now appeals the denial of her Rule 60(b) motion and the denial of her motion to remand.

## II

"[T]he decision to grant or deny relief under Rule 60(b) lies within the sound discretion of the district court and will be reversed only for abuse of that discretion." *Lyles v. Medtronic Sofamor Danek, USA, Inc.*, 871 F.3d 305, 315 (5th Cir. 2017) (quoting *Hesling v. CSX Transp. Inc.*, 396 F.3d 632, 638 (5th Cir. 2005)). "A district court abuses its discretion if it bases its decision on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Id.* (quoting *Hesling*, 396 F.3d at 638).

The district court denied Smith-Hubbard relief under Rule 60(b)(1) and Rule 60(b)(6). We address each in turn.

## A

Rule 60(b)(1) provides relief from a judgment for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).

In the district court, Smith-Hubbard argued that she was entitled to relief under Rule 60(b)(1) for two reasons: (1) the district court made a mistake by granting the motion for summary judgment and denying her motion to remand; and (2) her counsel did not receive the discovery requests, summary judgment motion, or final judgment. The district court denied the motion, concluding that it did not make a mistake and that a party's failure to respond to a motion could be the basis for relief under Rule 60(b)(1) as excusable neglect, but Smith-Hubbard's motion specifically disclaimed reliance on excusable neglect. On appeal, Smith-Hubbard focuses only on her counsel's conduct as the basis for relief.

Whether Smith-Hubbard argues that her failure to respond to the motion for summary judgment was mistake, inadvertence, or excusable neglect, she is not entitled to relief under Rule 60(b)(1). *See Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998) ("[We] may affirm a judgment upon any basis supported by the record."); *Su v. Wilmington Tr., Nat'l Ass'n*, 839 F. App'x 884, 887 (5th Cir. 2021) (per curiam) (applying *Davis* when reviewing a denial of a Rule 60(b) motion). "Gross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for 60(b)(1) relief." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993). We have repeatedly explained that parties have "a duty of diligence to inquire about the status of a case." *Id.*; *see also Trevino v. City of Fort Worth*, 944 F.3d 567, 571 (5th Cir. 2019) (per curiam); *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 287 (5th Cir. 1985). "In fact, a court would abuse its discretion if it were to reopen a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of court." *Trevino*, 944 F.3d at 571 (quoting *Edward H. Bohlin Co.*, 6 F.3d at 357).

In *Long v. James*, 667 F. App'x 862 (5th Cir. 2016) (per curiam), we considered a case with facts almost identical to this one. There, we affirmed a district court's denial of Rule 60(b)(1) relief where the plaintiff claimed that his counsel did not receive the CM/ECF emails notifying him of the defendant's motion for summary judgment. *Id.* at 863–64. We noted counsel's duty of diligence and concluded that counsel had "ample opportunity to check the district court docket" in the 79 days between the motion's filing and the district court's judgment. *Id.* at 863. We have also held that "[e]mails mistakenly going to a spam folder," *Trevino*, 944 F.3d at 572, and emails that are not received due to faulty computer settings do not merit Rule 60(b) relief. *Onwuchekwe v. Okeke*, 404 F. App'x 911, 912 (5th Cir. 2010) (per curiam); *cf. Rollins v. Home Depot USA*, 8 F.4th 393, 396–97 (5th

Cir. 2021) (explaining a party's duty of diligence and collecting cases rejecting arguments of email failures where the parties should have checked the docket).

This case is no different. AMICA served all discovery requests and the motion for summary judgment via CM/ECF, on which it was entitled to rely. *See* FED. R. CIV. P. 5(b)(2)(E); *Rollins*, 8 F.4th at 396–97 ("Rule 5(b)(2)(E) provides for service 'by filing [the pleading] with the court's electronic-filing system' and explains that 'service is complete upon filing or sending.'" (alteration in original) (quoting FED. R. CIV. P. 5(b)(2)(E))). "[W]e do not question the good faith of [Smith-Hubbard]'s counsel," *see Rollins*, 8 F.4th at 396, but whatever the reason he did not receive the emails, it did not relieve him of his duty of diligence to inquire about the status of Smith-Hubbard's case. Counsel's declaration states that he was under the care of a doctor since December 27, 2022, and checked the docket shortly thereafter, in preparation for filing a motion to continue. Only then did he realize a judgment had been entered against his client. This does not explain why he did not check the docket in the four months between when AMICA moved for summary judgment on July 29, 2022, and the district court entered judgment on December 12, 2022. Counsel had "ample opportunity to check the district court docket in this intervening period." *Long*, 667 F. App'x at 863.

Smith-Hubbard argues that the district court erred because it did not analyze the equitable factors set out in *Pioneer Investment Services Co. v. Brunswick Assocs.*, 507 U.S. 380 (1993). AMICA argues that the *Pioneer* factors only apply to excusable neglect, on which Smith-Hubbard disclaimed reliance. But we need not decide that question because we have held that the district court need not "rigorously apply each of these factors in every case." *See Silvercreek Mgmt., Inc. v. Banc of Am. Sec., LLC*, 534 F.3d 469, 472 (5th Cir. 2008) (holding that it is not an abuse of discretion to find no excusable

neglect—even when not explicitly discussing the *Pioneer* factors—"if the court has considered the moving party's proffered evidence"); *Razvi v. Dall. Fort Worth Int'l Airport*, No. 21-10016, 2022 WL 4298141, at *2 (5th Cir. Sept. 16, 2022) (per curiam).

## B

Rule 60(b)(6) allows relief from a judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). We have "consistently held that relief under 60(b)(6) is mutually exclusive from relief available under sections (1)-(5)." *Hesling*, 396 F.3d at 643. That means that "an action cannot be brought through the catch-all provision of Rule 60(b)(6) if it could have been brought through one of the Rule's first five subsections." *United States v. Fernandez*, 797 F.3d 315, 319 (5th Cir. 2015).

Smith-Hubbard claims she is entitled to relief under Rule 60(b)(6) for the same reasons she claims she is entitled to relief under Rule 60(b)(1): her attorney did not receive the discovery requests, motion for summary judgment, or the final judgment. "This claim falls squarely within . . . Rule 60(b)(1)," *see Fernandez*, 797 F.3d at 319–20, and Smith-Hubbard "has not alleged a separate basis for relief under Rule 60(b)(6)," *see D.R.T.G. Builders, L.L.C. v. Occupational Safety & Health Rev. Comm'n*, 26 F.4th 306, 313 (5th Cir. 2022). Thus, the district court did not abuse its discretion in denying relief under Rule 60(b)(6).

## C

Because we hold that the district court did not abuse its discretion in denying Smith-Hubbard's motion for relief from the judgment, we need not consider her argument that it should have considered her motion to withdraw the deemed admissions.

No. 23-40331

## III

Finally, Smith-Hubbard contends that the district court did not have jurisdiction over her case and should have remanded it to state court. Because Smith-Hubbard failed to timely file a notice of appeal, we lack jurisdiction to consider the district court's denial of her motion to remand.

"A notice of appeal must be filed 'within 30 days after entry of the judgment or order appealed from.'" *Frew v. Young*, 992 F.3d 391, 395 (5th Cir. 2021) (quoting Fed. R. App. P. 4(a)(1)(A); 28 U.S.C. § 2107(a)). "[The Supreme] Court has long held that the taking of an appeal within the prescribed time is 'mandatory and jurisdictional.'" *Bowles v. Russell*, 551 U.S. 205, 209 (2007) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 61 (1982) (per curiam)) (collecting cases). So "if an appeal is untimely, we lack jurisdiction to entertain it." *Frew*, 992 F.3d at 395; *see also Bowles*, 551 U.S. at 210 ("[C]ourts of appeals routinely and uniformly dismiss untimely appeals for lack of jurisdiction.").

Here, Smith-Hubbard attempts to challenge the district court's denial of her motion to remand. "The denial of a motion to remand is an interlocutory order" that is generally only appealable after a final judgment. *Alvarez v. Midland Credit Mgmt., Inc.*, 585 F.3d 890, 893 (5th Cir. 2009); *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995). To challenge the remand order, Smith-Hubbard needed to file a notice of appeal within 30 days of the final judgment, which was entered on December 12, 2022. *See* Fed. R. App. P. 4(a)(1)(A); 28 U.S.C. § 2107. But she did not file her notice of appeal until June 1, 2023—more than five months after entry of final judgment.

There are exceptions to this rule, but they do not save Smith-Hubbard's appeal. A Rule 60 motion can toll the appellate deadline if the party files the motion "within the time allowed for filing a motion under

7

No. 23-40331

Rule 59," Fed. R. App. P. 4(a)(4)(A)(vi), which is "28 days after the entry of judgment." Fed. R. Civ. P. 59. In such cases, "the time to file an appeal runs . . . from the entry of the order disposing of [the motion]." Fed. R. App. P. 4(a)(4)(A). Smith-Hubbard's Rule 60(b) motion was filed on March 6, 2023, over two months after the entry of judgment, so the appellate deadline was not tolled.

Accordingly, we have no jurisdiction to consider whether the district court correctly denied her motion for remand.

Nevertheless, we write briefly to make clear the distinction between personal jurisdiction and subject-matter jurisdiction because a great deal of time was given to this issue at oral argument and once again in Smith-Hubbard's 28(j) letter of February 8. As a general matter, a court must have both personal jurisdiction and subject-matter jurisdiction to enter a binding judgment on a case. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431–32 (2007) ("[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)."). Although it is true that a corporation may consent to personal jurisdiction in a state by purposefully availing itself of that forum, *see generally Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021), purposeful availment does not have any bearing on the federal court's analysis of whether diversity jurisdiction gives that court subject-matter jurisdiction over the case.

A federal court has subject-matter jurisdiction over a case based on diversity when there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, as required by 28 U.S.C. § 1332. It is well established that a corporation is only a citizen of the state in which it is incorporated, as well as the state in which it has its principal place

No. 23-40331

of business. 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). In other words, a corporation does not become a citizen of a state by availing itself of doing business in that state. Thus, diversity jurisdiction may still exist where a corporation does business in the same state where the other party is a citizen. *Id.*

We AFFIRM.