# United States Court of Appeals
# for the Fifth Circuit

No. 20-10533

United States Court of Appeals
Fifth Circuit

**FILED**

January 10, 2025

Lyle W. Cayce
Clerk

Jake Jenkins,

*Plaintiff—Appellant,*

*versus*

LaSalle Southwest Corrections; Johnson County,

*Defendants—Appellees.*

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CV-1376

Before Elrod, *Chief Judge*, and Richman and Oldham, *Circuit Judges*.
Priscilla Richman, *Circuit Judge*:*

Jake Jenkins appeals the district court's denial of his Rule 60(b)[1] motion requesting relief from the dismissal of his 42 U.S.C. § 1983 complaint against LaSalle Southwest Corrections (LaSalle), a private correctional company, and Johnson County. He argues relief should be granted under

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

[1] Fed. R. Civ. P. 60(b).

No. 20-10533

Rule 60(b)(1), 60(b)(2), or 60(b)(6). Jenkins has not demonstrated that the district court abused its discretion in denying his Rule 60(b) motion. We therefore affirm the district court's order.

## I

Jenkins was incarcerated as a pretrial detainee at LaSalle's Johnson County Law Enforcement Center beginning in February 2016. In July of that year, he injured his head during jail recreational time. On July 26, Jenkins submitted a medical request to LaSalle, writing he "need[ed] [his] eyes checked out" and was "not seeing to[o] well out of [his] left eye." He did not receive a treatment plan. About a month later, on August 31, Jenkins submitted a second medical request describing the poor condition of his right eye. A physician examined Jenkins on September 22 and diagnosed him with retinal detachment of his right eye. A second physician confirmed the retinal detachment on September 27 and concluded Jenkins needed corrective surgery "within a month." More than two months later, on November 30, Jenkins submitted a third medical request asking LaSalle if an appointment for surgery had been scheduled. On January 9, 2017, Jenkins was seen by a specialty clinic and received a surgery appointment for February 28. On the day of his surgery appointment, the specialty clinic concluded that Jenkins was "[n]ot a good surgical candidate." Jenkins claims he was never taken to the appointment. He maintains, instead, that he was abruptly transferred to a LaSalle detention center in McLennan County and was refused transportation in time for his surgery. It is undisputed that Jenkins never had the corrective surgery and became blind in his right eye.

On May 23, 2017, Jenkins filed a pro se 42 U.S.C. § 1983 complaint against LaSalle and Johnson County alleging "deliberate[] indifferen[ce]" to his medical condition in violation of the Eighth Amendment. The magistrate judge asked Jenkins, as a pro se prisoner, to complete and return a

2

questionnaire to provide more details about his claim. In part, the questionnaire asked Jenkins, in naming a municipality as a defendant, to "prove that action under official municipal policy caused [his] injuries."[2] Jenkins responded to this question only by writing he "tried to seek medical attention through the Johnson County facility [and] medical practitioners, which le[d] to multiple evaluations, without any care administered," and that "[i]f [he was] able to receive proper care following the eye evaluations, [he] would not be completely blind in [his] right eye."

After receiving three extensions for time to respond, LaSalle and Johnson County filed a Rule 12(b)(6) motion to dismiss the complaint arguing that Jenkins failed to properly allege a claim of municipal liability as required under *Monell*. Jenkins failed to respond to the motion to dismiss but did file additional medical records several weeks after the October 23, 2017 response deadline. More than eight months after the deadline, on July 11, 2018, the magistrate judge issued his report concluding Jenkins failed to set forth a plausible *Monell* claim since the alleged constitutional violations were "isolated to him." Jenkins filed an objection to the report on July 26 requesting his case be stayed until he could obtain counsel upon his release from prison on August 10. On August 7, however, the district court accepted the magistrate judge's recommendations and dismissed Jenkins's case with prejudice.

On August 6, 2019, Jenkins with the assistance of counsel filed a motion for relief under Rule 60(b). He argued in his motion that the court should grant relief under Rule 60(b)(1), 60(b)(2), or 60(b)(6). For the

---

[2] *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) ("[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983.").

No. 20-10533

reasons outlined below, the magistrate judge recommended the district court reject Jenkins's claims under each subsection. The district court accepted the recommendation and denied the Rule 60(b) motion. Jenkins now appeals.

## II

This court reviews the denial of a Rule 60(b) motion for abuse of discretion.[3] "A district court abuses its discretion if it bases its decision on an erroneous view of the law or on a clearly erroneous assessment of the evidence."[4] "The provisions of this rule must be carefully interpreted to preserve the delicate balance between the sanctity of final judgments, expressed in the doctrine of res judicata, and the incessant command of the court's conscience that justice be done in light of all the facts."[5]

> In relevant part, Rule 60(b) provides as follows:
>
> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
>  . . . or
>
> (6) any other reason that justifies relief.[6]

---

[3] *United States v. Fernandez*, 797 F.3d 315, 318 (5th Cir. 2015).

[4] *Id.*

[5] *Id.*

[6] FED. R. CIV. P. 60(b).

4

No. 20-10533

## A

We first address LaSalle's claim that Jenkins cannot proceed under Rule 60(b)(6) and another subsection on the same factual basis. In his report, the magistrate judge observed that the facts Jenkins relied on in support of his claim for relief under (b)(1) mirrored the facts he relied on in support of his claim for relief under (b)(6). The magistrate judge believed that was prohibited by this court's precedent, stating, "[T]he Fifth Circuit 'has consistently held that relief under 60(b)(6) is mutually exclusive from relief available under sections (1)-(5),'" and that "[t]he reason for relief set forth under 60(b)(6) cannot be the reason for relief sought under another subsection of 60(b)."[7]

The magistrate judge is correct that this court has held that the reason for relief under (b)(6) is "mutually exclusive" from the reason for relief available under subsections (1)-(5).[8] The text of (b)(6) refers to "any *other* reason that justifies relief."[9] The use of the word "other" signals that the reason for granting (b)(6) relief must be different from the reasons for granting relief under the other five subsections. This court has also made clear that if the reason for relief fits within one of the earlier subsections, but the movant failed to timely move for relief by the one-year deadline, the movant cannot then rely on (b)(6) to obtain relief.[10]

---

[7] *See Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 643 (5th Cir. 2005).

[8] *See Transit Cas. Co. v. Sec. Tr. Co.*, 441 F.2d 788, 792 (5th Cir. 1971) (holding that "Rule 60(b)(1) and Rule 60(b)(6) are not pari passu and are mutually exclusive" such that "[t]he reason for relief set forth in Rule 60(b)(1) cannot be the basis for relief under Rule 60(b)(6)").

[9] FED. R. CIV. P. 60(b)(6) (emphasis added).

[10] *Fernandez*, 797 F.3d at 319.

5

No. 20-10533

LaSalle asserts the magistrate judge properly concluded relief should be denied because the grounds Jenkins proffered for relief under his (b)(6) claim mirror those under his (b)(1) claim. This court, however, has expressly rejected the argument "that simply moving under Rule 60(b)(5) prevented the award of relief under Rule 60(b)(6) if the court ruled that relief was unavailable under (b)(5)."[11] In other words, the movant is free to press its case using the same factual basis for both (b)(6) and one of the first five subsections, and the court will determine which subsection may apply, but relief can only be granted based on one or the other.

Because Jenkins filed his 60(b) motion before the one-year deadline, he is not precluded from bringing his (b)(6) claim in conjunction with his (b)(1) claim on the same factual basis.

**B**

Jenkins argues that the district court erred in denying his 60(b)(1) claim. In relevant part, (b)(1) allows a court to relieve a party from an order for "excusable neglect."[12] Jenkins argues his failure to properly plead deliberate indifference under § 1983 owing to his pro se status constitutes excusable neglect. He states he attempted to plead the deliberate indifference standard by setting forth "the straightforward facts regarding his treatment or lack thereof by [LaSalle and Johnson County], based upon his personal knowledge, but with no legal expertise or understanding of the exacting nature of the 'deliberate indifference' standard." The magistrate

---

[11] *Hess v. Cockrell*, 281 F.3d 212, 215 (5th Cir. 2002).

[12] FED. R. CIV. P. 60(b)(1).

judge rejected Jenkins's (b)(1) claim, concluding that "pro se status and ignorance of the law are insufficient to establish . . . excusable neglect."

Jenkins argues the magistrate judge erred in primarily relying on the unpublished case *Vafaiyan v. City of Wichita Falls*.[13]  In *Vafaiyan*, this court held that "pro se litigants must comply with procedural rules, and ignorance of the law is not a basis for Rule 60(b)(1) relief."[14]  The magistrate judge also noted, however, that this court has previously held in published cases that a pro se litigant "acquiesces in and subjects himself to the established rules of practice and procedure,"[15] and that "[g]ross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for 60(b)(1) relief."[16]  The magistrate judge did not err by concluding on the basis of this controlling authority that (b)(1) relief was unavailable in response to Jenkins's argument that his pro se status and ignorance of the law constituted "excusable neglect."  The district court similarly did not abuse its discretion in rejecting the claim.

## C

Jenkins also argues the district court erred in denying his Rule 60(b)(2) claim.  Subsection (b)(2) allows a court to relieve a party from an order based on "newly discovered evidence."[17]  To obtain relief under (b)(2), Jenkins must show in part that "the [new] evidence is material and

---

[13] 398 F. App'x 989 (5th Cir. 2010) (per curiam) (unpublished).

[14] *Id.* at 990 (internal citation omitted).

[15] *See Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) (per curiam) (citing *United States v. Pinkey*, 548 F.2d 305, 311 (10th Cir. 1977)).

[16] *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993) (citing *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 287 (5th Cir. 1985)).

[17] Fed. R. Civ. P. 60(b)(2).

controlling and clearly would have produced a different result if present before the original judgment."[18]

The "new" pieces of evidence Jenkins proffers are individual medical records detailing his requests for treatment. Jenkins insists these records are "critical" to establishing LaSalle's deliberate indifference towards his medical condition. The magistrate judge rejected Jenkins's (b)(2) claim in part on the basis that the medical records "clearly would [not] have produced a different result if present before the original judgment,"[19] since they do nothing to establish "an official policy of Johnson County or LaSalle, such that either defendant could be liable under *Monell*—the basis for the Court's dismissal of the municipal liability claims."

The magistrate judge did not err. To show the new evidence "clearly would have produced a different result," Jenkins was required to show that an official policy caused the municipalities' deliberate indifference towards him.[20] The magistrate judge found that the "new" medical records alleged nothing more than constitutional violations isolated to Jenkins alone. "Isolated violations are not the persistent, often repeated, constant violations, that constitute custom and policy as required for municipal section 1983 liability."[21] Moreover, "[a] customary municipal policy cannot ordinarily be inferred from single constitutional violations."[22] Because the

---

[18] *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 639 (5th Cir. 2005) (quoting *Goldstein v. MCI WorldCom*, 340 F.3d 238, 257 (5th Cir. 2003)).

[19] *See Goldstein*, 340 F.3d at 257.

[20] *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009).

[21] *Piotrowski v. City of Houston*, 237 F.3d 567, 581 (5th Cir. 2001) (quoting *Bennett v. City of Slidell*, 728 F.2d 762, 768 n.3 (5th Cir. 1984)).

[22] *Id.* (citing *Webster v. City of Houston*, 735 F.2d 838, 851 (5th Cir. 1984) (en banc) (WILLIAMS, J., dissenting)).

No. 20-10533

medical records alone do nothing to support a finding of official policy, Jenkins's assertion that these documents are somehow "outcome-determinative" is unfounded. The magistrate judge did not err, and the district court did not abuse its discretion in rejecting the (b)(2) claim.

## D

Jenkins finally argues that the cumulative facts set forth in his motion justify relief under Rule 60(b)(6). Subsection (b)(6) allows a court to relieve a party from a final order for "any other reason that justifies relief."[23] While (b)(6) is "a grand reservoir of equitable power to do justice in a particular case when relief is not warranted by the preceding clauses,"[24] and while it "vests wide discretion in courts,"[25] (b)(6) relief is available only in "extraordinary circumstances."[26] Additionally, the movant must show the initial judgment was "manifestly unjust" for relief to be granted.[27] Under abuse of discretion review, "[i]t is not enough that the granting of relief [under (b)(6)] might have been permissible, or even warranted—denial must have been so unwarranted as to constitute an abuse of discretion."[28]

---

[23] FED. R. CIV. P. 60(b)(6).

[24] *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 642 (5th Cir. 2005) (quoting *Harrell v. DCS Equip. Leasing Corp.*, 951 F.2d 1453, 1458 (5th Cir. 1992)).

[25] *Buck v. Davis*, 580 U.S. 100, 123 (2017) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)).

[26] *Id.* (quoting *Gonzalez*, 545 U.S. at 535).

[27] *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993) (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994) (en banc) (per curiam)).

[28] *Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 38 F.3d 1404, 1408 (5th Cir. 1994) (quoting *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981)).

No. 20-10533

Jenkins argues that the merits of his claim "cry out for relief" under (b)(6). As explained in the proceedings before the magistrate judge: he lost eyesight in one eye through no fault of his own; he argued his case pro se but did not understand the technical legal requirements of his claim; and he requested, but was denied, additional time to plead his claim properly even while his counterparts received three extensions for time to respond. After obtaining counsel post-dismissal, he offered a "proposed First Amended Complaint" that alleged new facts supporting the claim that LaSalle had a custom and practice of denying medical care to pretrial detainees in order to save money, named new individual defendants who could be sued in their individual capacities, and asserted new state court claims. The magistrate judge disagreed that these circumstances warranted relief, concluding that Jenkins "now, with the assistance of counsel, [being] able to present his claims in a more compelling manner (as shown by a proposed amended complaint) does not exhibit an extraordinary situation that warrants relief under Rule 60(b)(6)."

The district court's denial of Jenkins's (b)(6) claim was not so unwarranted as to constitute an abuse of discretion. Jenkins has not shown that extraordinary circumstances exist.[29] Nor has he shown the underlying judgment to be manifestly unjust. Jenkins proceeded pro se with his complaint. He was instructed by the magistrate judge to brief *Monell*'s "official policy" requirement adequately. He failed to do so. LaSalle and Johnson County moved to dismiss on the basis that Jenkins's *Monell* briefing

---

[29] *Compare Ackermann v. United States*, 340 U.S. 193, 200-02 (1950) (holding no extraordinary circumstances existed when petitioner made "voluntary, deliberate, free, untrammeled choice . . . not to appeal"), *with Klapprott v. United States*, 335 U.S. 601, 613-14 (1949) (holding extraordinary circumstances existed when petitioner was "deprived of any reasonable opportunity to make a defense to the criminal charges" leading to default judgment).

No. 20-10533

was deficient. He failed to respond. Only after eight months, upon receiving the magistrate judge's report, did Jenkins request a stay of the proceedings to retain counsel. Instead of appealing the district court's dismissal order, which would have allowed him to challenge its denial of his stay request and dismissal with prejudice, or moving to alter the judgment to allow him to amend his complaint, Jenkins did neither and filed his Rule 60(b) motion. While the court is sympathetic to the circumstances Jenkins has faced, we cannot say the district court's denial of Jenkins's (b)(6) motion was "so unwarranted as to constitute an abuse of discretion."

\*　　\*　　\*

For the foregoing reasons, the district court's order is AFFIRMED.